867 F.2d 615
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lieutenant Colonel Albertis WILSON, Plaintiff-Respondent,
v.
The UNITED STATES, Defendant-Petitioner.
 Misc. No. 221.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1988.
 
 Before MARKEY, Chief Judge, MAYER and MICHEL, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Pursuant to 28 U.S.C. Sec. 1292(d)(2), the United States petitions for permission to appeal the Claims Court's October 14, 1988 order, modified on October 19, 1988, certified for immediate appeal as involving a controlling question of law on which there is a substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Lieutenant Colonel Albertis Wilson opposes the petition.
 
 
 2
 Wilson, a Lieutenant Colonel in the Army Reserve, sought backpay, reinstatement to active duty, and other relief in the Claims Court. Wilson's suit was based on the sanctuary provision of 10 U.S.C. Sec. 1163(d)* and on this court's decision in Ulmet v. United States, 822 F.2d 1079 (Fed.Cir.1987). The United States moved for summary judgment based, inter alia, on a congressional amendment to the statute that added the parenthetical phrase "a member of a reserve component who is on active duty (other than for training)...."
 
 
 3
 The Claims Court determined (1) that the statutory amendment did not overrule Ulmet, (2) that Congress did not intend that the amendment be applied to prior tours of duty, (3) that Wilson is entitled to the benefit of the sanctuary provision, and (4) that proceedings on damages remained. The Claims Court also certified the order for immediate appeal.
 
 
 4
 This court makes its own determination of whether it will accept an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292. If the criteria for certification has not been fulfilled, then the petition will be denied. 9 Moore's Federal Practice p 110.22. Here, all that remains in the Claims Court is a proceeding on damages. Generally, damages proceedings in cases like these are not lengthy or complex. After the damages phase is completed and final judgment is entered, the issues presented here can be heard in the context of an ordinary appeal. Thus, it appears that suspending the damages proceeding pending interlocutory review will not promote judicial economy in this case nor materially advance the ultimate termination of the litigation. Further, Wilson states that he can ill-afford two appeals. Accordingly, we determine that judicial economy and the interests of the parties can best be served by permitting the Claims Court to proceed to final judgment.
 
 
 5
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 6
 The United States' petition for permission to appeal is denied.
 
 
 
 *
 [A] member of a reserve component who is on active duty and is within two years of becoming eligible for retired or retainer pay under a purely military retirement system, may not be involuntarily released from that duty before he becomes eligible for that pay, unless his release is approved by the Secretary